GEORGE ATKINSON, ET AL., *v.* W. H. POWERS'S TRUSTEE.

**Sale to Defraud Creditors.**

A sale of personal property either made in good faith or to defraud creditors places the title out of the vendor, and he cannot in any event recover the property back from his vendee, or any one holding under or through him.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

April 13, 1878.

OPINION BY JUDGE LINDSAY:

Powers sold his interest in the horse and mules to Hushman. This placed the title out of him, no matter whether the sale was made in good faith or in fraud of his creditors. He could in no event recover the property back from Hushman, or any one holding under or through him. The original administrator took no greater title to this property than his intestate, Powers, had during his lifetime, and could no more sue for and recover it than said intestate could have done.

Atkinson, a creditor of Powers, might properly be relieved from the fraudulent sale, but the judgment declaring it fraudulent for his benefit, did not, and could not, vest the present administrator of Powers with any right to claim the property in the hands of any one.

Hence his petition ought to have been dismissed, and it was altogether immaterial so far as he was concerned, whether the records do or not evidence a perfect chain of title in Mrs. Grady as the vendee of Atkinson. The judgment in the case of *Atkinson v. Powers's Adm'r* and Hushman shows title out of Powers and his personal representatives, and the appellee had no right to interfere with Atkinson's proposed sale of the mules, and no right to demand that Grady and wife shall surrender them to him.

Judgment *reversed* and cause remanded with instructions to dismiss appellee's petition.

*R. H. Cunningham, for appellants.*
*Vance & Merritt, for appellee.*